IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:04-CR-0025-F |
| | ) | |
| AMY ANN PITTS | ) | |

**RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY THE MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files its response to Defendant's ("Pitts'") above-styled motion, filed on or about September 1, 2004, as follows:

**PREMISES CLAIM**

1. Pitts objects, without any supporting caselaw, that the search conducted at Pitts' residence exceeded the scope of the warrant issued in this cause. The basis for Pitts' objection is that the "premises" described in the warrant included her residence only and not any vehicles or outbuildings. Pitts' objection on this issue is without merit.

2. First, Pitts did not raise this issue in her Motion to Suppress. (Doc. # 42). See United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2000) (motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable court to conclude substantial claim is presented). Second, the affidavit in support of the warrant includes "vehicles and out buildings." *Affidavit in Support of Search Warrant (Def. Exh. 1)*, at ¶ 11; see Massachusetts v. Sheppard, 468 U.S. 981 (1984) (attaching affidavit to search warrant would have validated warrant); United States v. Weinstein, 762 F.2d 1522, 1531 (11th Cir. 1985) (affidavit cured overbroad warrant because affidavit attached to and incorporated into warrant). Third, Pitts'

residence encompasses the vehicles and outbuildings within the curtilage of it.  See United States v. Ross, 456 U.S. 798, 820-21 (1982) ("A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.").

## FALSE STATEMENTS CLAIM

3.  Next, Pitts claims that the affiant, Alabama Bureau of Investigation Agent Joe Herman ("Herman"), violated the provisions in Delaware v. Franks, 438 U.S. 154 (1978) by including in his affidavit a false statement made "with reckless disregard for the truth."  Id. at 155.  Pitts, in her objection lists only two statements which she contends were false.  The first is that the "informant said that methamphetamine was in the defendant's residence" but that agents conducting the search found the drugs in an outbuilding.  *Def. Mot.* at ¶ 5.  The second is that "drug convicts frequented her house" but in fact one of those individuals, Calvin Chance, came by to take Pitts' husband to work.  *Def. Mot.* at ¶ 8.  The remainder of Pitts' assertions deal with her claims relating to the credibility of confidential informants.

4.  First, Pitts did not raise any Franks issues in her motion to suppress.  See Cooper, *supra*.  Second, Pitts failed to make a threshold showing of what statements were false, and how Herman recklessly disregarded the truth in making those statements; thus, she was not entitled to relief on this claim.  See United States v. Novarton, 271 F.3d 968, 986 (11th Cir. 2001) (allegations of reckless disregard for truth must be accompanied by offer of proof specifically pointing out part of affidavit claimed to be false accompanied by statement of reasons).  Third, the statements complained of were made by confidential informants to Herman–they were not Herman's own statements; thus, she was not entitled to relief on this claim.  See Novarton, 271 F.3d at 986 (reckless disregard of affiant, not governmental informant, may be impeached).

5. Even assuming *arguendo* Pitts had made the legal threshold, her claims are still without merit, as Herman's statements were not made with reckless disregard for the truth.

a. Herman's statement relating to methamphetamine being in Pitts' residence was that the informant "saw narcotics, specifically marijuana and methamphetamine being used by Pitts" in her residence. *Affidavit in Support of Search Warrant (Def. Exh. 1)*, at ¶ 5. Just because agents did not find methamphetamine in the residence, but rather seized it from an outbuilding, does not render the statement false and Pitts has not so proven.

b. Herman's statement regarding other "drug convicts" frequenting Pitts residence was that he had "conducted surveillance of Pitts' residence on numerous occasions...not[ing] that persons arrested for methamphetamine...frequent Pitt's (sic) home." *Affidavit in Support of Search Warrant (Def. Exh. 1)*, at ¶ 9. At the hearing on Pitts' suppression motion, Herman personally observed two separate named individuals (Jason Arthur and Calvin Chance), who had been arrested on methamphetamine charges, and other individuals he knew to be involved with methamphetamine through intelligence, at Pitts' residence. (Tr. 42:13-43:18). Notwithstanding the claim that Chance may have been at Pitts' residence on occasion to take her husband to work, does not render Herman's statement false.

6. Given that "[r]eviewing courts lend substantial deference to an issuing magistrate's probable cause determinations based on, *inter alia*, a review of search warrant affidavits" <u>United States v. Clay</u>, 355 F.3d 1281, 1283-84 (11th Cir. 2004), citing <u>United States v. Miller</u>, 24 F.3d 1357, 1363 (11th Cir. 1984), Pitts' claims fail because Magistrate Judge Coody's finding of probable cause is not clearly erroneous.

7. Based on the foregoing, the United States respectfully requests this Court overrule Pitts' objections to the recommendation of the Magistrate Judge.

Respectfully submitted, this the 24th day of September, 2004.

                                                  LEURA GARRETT CANARY
                                                  UNITED STATES ATTORNEY

                                                  s/TODD A. BROWN
                                                  Assistant United States Attorney
                                                  One Court Square, Suite 201
                                                  Montgomery, AL 36104
                                                  Phone: (334)223-7280  Fax: (334)223-7135
                                                  E-mail: todd.brown@usdoj.gov
                                                  ASB-1901-O64T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | CR. NO. 2:04-CR-0025-F |
| ) | |
| AMY ANN PITTS ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Barry E. Teague, Esq.

Respectfully submitted,

s/Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: todd.brown@usdoj.gov
ASB-1901-O64T

5